Heraclio Morales, Appellant, *v.* Registrar of Property of Caguas, Respondent.

No. 787. Submitted November 19, 1929.—Decided December 9, 1929.

*Antonio L. López,* for appellant. The registrar did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Heraclio Morales submitted a sworn petition to the Registrar of Property of Caguas, requesting him to cancel in the registry, pursuant to the provisions of subdivision (*b*) of section 1 of Act No. 12, approved on August 29, 1923—regulating the procedure for the cancellation in the registry of property of liens and entries of chattels real, and providing for the extinction of certain records and annotations on account of lapse of time—the record made of a notice of the pendency of an action prosecuted by Sobrinos de L. Villamil & Ca. against Aureliano Vélez and the petitioner Heraclio Morales regarding a piece of property belonging to the latter. The registrar denied the petition in the following decision:

"The cancellation of the notice of complaint referred to in the present writing is refused because the cancellation authorized by subdivision (*b*) of section 1 of Act No. 12 of the Legislature of Porto Rico, approved on August 29, 1923, refers to notices served by virtue of a judicial order, and the record in question refers to a *lis pendens* notice served in an ex parte motion, . . . ."

The statutory provisions relied upon both by the appellant and the registrar in support of their conflicting contentions, read as follows:

"Section 1.—On written application of a party or of the representative of such party, authenticated before a notary, the Registrar of Property shall proceed to cancel in the respective register:

"(*a*) . . . . . .

"(*b*) Entries of attachments, prohibition to alienate, suits, and all other entries made by virtue of judicial orders entered for over four (4) years, unless they are for just cause extended by order of

the court where such cases are pending. If when this Act takes effect said term shall have wholly expired, or only one (1) year or less remains thereof to run, the party interested in the entry shall have one (1) year from the time this Act takes effect to obtain from a competent court an extension of such entry.''

In Porto Rico *lis pendens* notices may be recorded according to either of two statutory methods—one authorized by the Mortgage Law, and the other by the Code of Civil Procedure. If the procedure prescribed in the Mortgage Law is followed, a judicial order becomes necessary. If that of the Code of Civil Procedure is elected, a petition by the interested party will be sufficient. *Velázquez* v. *Registrar*, 27 P. R.R. 250.

There is no doubt that the purpose of the Legislature in enacting Act No. 12 of 1923 was broad and general in its scope, tending to free estates from all sorts of existing unjustified liens so as to render it easier for the owners to contract with reference to their respective properties.

Such being the case, why should that act be so construed as to limit its benefit to one class of cases, and thus ignore the intention of the Legislature with reference to the other class, that is, the *lis pendens* notices for which no judicial order is required?

We think that the law can be interpreted so as to give independent recognition to each of the acts for which cancellation is provided. When the Legislature referred to the cancellation of *lis pendens* notices, knowing, as it was bound to know, that the record of such notices could be made, both by virtue of a judicial order as well as without it, it would not seem reasonable to conclude that it intended to limit the provisions of the statute to the former class of cases, which involve greater solemnity than the others.

The decision appealed from must be reversed and the cancellation sought ordered.